STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

---

Megan Johnsen,                        Case Type: Employment
                                      Court File No.: _____

    Plaintiff,

v.                                    **SUMMONS**

NEWPAPER, LLC, d/b/a
Party City,

    Defendant.

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1.  **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.  **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3.  **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims

1



stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5.  **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.  **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 5th, 2014

AHLBERG LAW, PLLC

_____
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 373-7081
Attorney for Plaintiff

### ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: June 5th, 2014

_____
Ryan H. Ahlberg, Esq. (#386520)

2

STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

|  |  |
|---|---|
| Megan Johnsen, | Case Type: Employment<br>Court File No.: _____ |
| Plaintiff, |  |
| v. | **COMPLAINT** |
| NEWPAPER, LLC, d/b/a<br>Party City, |  |
| Defendant. |  |

Plaintiff Megan Johnsen, as and for her Complaint against above-named Defendant, states and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Megan Johnsen (hereinafter "Johnsen") is an individual residing in Hennepin County, Minnesota.

2. Defendant NEWPAPER, LLC d/b/a Party City (hereinafter "NewPaper") is a Minnesota limited liability company with a principal place of business located in Hennepin County, Minnesota.

3. Jurisdiction is conferred by 29 U.S.C. § 2617(a)(2).

## FACTUAL ALLEGATIONS

4. Upon information and belief, NewPaper is in the business of owning and operating Paper City franchises throughout the Minneapolis-Saint Paul

metropolitan area.

5. Johnsen began employment with NewPaper in or around 2008.

6. At the beginning of the employment relationship, Johnsen worked at NewPaper's Bloomington store. Eventually, she was moved to the Eden Prairie location.

7. Johnsen advanced to the position of assistant manager at NewPaper's Eden Prairie location on March 13, 2011. Johnsen became a salaried employee at the rate of $1,076.93 per pay period.

8. From January, 2010 through January, 2013, Johnsen received a pay raise every year. These raises are documented on Johnsen's "Personnel Action Forms" for each year the raise was awarded.

9. There is nothing in Johnsen's personnel file that indicates she was anything other than an exemplary employee.

10. On approximately August 29, 2012 through December 16, 2012, Johnsen requested and received Family Medical Leave Act, 29 U.S.C. § 2601 et. seq. ("FMLA") leave, pregnancy leave, and/or Paid Days Off (PDO) for 2012.

11. Johnsen returned to work from leave on or around December 16, 2012.

12. On or around March 18, 2013 Johnsen saw her family physician complaining of cold symptoms including cough for approximately one month. Johnsen was diagnosed with bronchitis, had a chest x-ray, and was given promethazine-codeine and zithromax for treatment.

13. On April 20, 2013 Johnsen was still suffering from bronchitis and side-effects from treatments. Johnsen reported for her shift at NewPaper but fell asleep during one of her scheduled breaks. Johnsen did not feel well, and she spoke with her team lead Tanya who was the most senior employee at the store.

14. Johnsen requested and received permission from Tanya to leave early, before her scheduled shift ended.

15. Johnsen left work at approximately 2:00 p.m., three hours before her scheduled shift expired.

16. On April 21, 2013 Johnsen worked her full shift even though she did not feel well.

17. Johnsen returned to work as scheduled on April 24, 2013, and brought with her a note from her physician explaining her condition and why she left early the prior Saturday.

18. Prior to Johnsen's FMLA leave as described in paragraph 9 herein, she had been allowed to leave a shift early for medical reasons, in an identical fashion as on April 20, 2013, without discipline and with NewPaper's approval.

19. On April 20, 2013, Johnsen followed every protocol and requirement of NewPaper.

20. In fact, no employee conduct and work rules were violated by Johnsen and Johnsen made every attempt to follow the specific rules. *See NewPaper*

*Employee Handbook, Section 701, p. 42.*

21. On April 24, 2014, Johnsen was asked to meet with her district manager, John Shabelski (hereinafter "Shabelski"), around 3:00 pm in the middle of Johnsen's shift.

22. Shabelski told Johnsen that she was a bad employee, that she didn't care about her job, and proceeded to terminate her employment. Shabelski refused to even look at the doctor's note Johnsen had brought in with her to further explain her condition and why she requested an excused absence on April 20, 2014.

23. Johnsen's extended FMLA leave was a substantial factor in NewPaper's decision to terminate Johnsen's employment. Had Johnsen not taken prior FMLA leave, NewPaper would not have departed from its normal procedures and terminated Johnsen.

24. As a direct and/or proximate result of Defendant's conduct, Johnsen has suffered damages, including but not limited to lost past earnings and benefits, lost future earnings and benefits, liquidated damages under the FMLA, cost of suit, and attorney's fees.

### CAUSE OF ACTION I
### Retaliation (29 U.S.C. § 2615(a)(1))

25. Paragraphs 1 through 23 are incorporated herein by reference.

26. Johnsen engaged in statutorily-protected conduct when she requested and received FMLA leave.

4

27. Johnsen was terminated by NewPaper, an adverse employment action.

28. There was a causal connection between Johnsen's statutorily-protected conduct and NewPaper's adverse employment action, including but not limited to temporal proximity, the sequence of events leading to the decision as described herein, and NewPaper's departure from its normal procedures.

29. Johnsen has been damaged in excess of $50,000 to be proved with further specificity at trial.

**WHEREFORE**, Johnsen requests judgment against Defendant as follows:

1. As to Cause of Action I, for judgment in favor of Johnsen in an amount greater than $50,000.00 to be proved with further specificity at trial. Plaintiff intends to move to amend her Complaint to assert a claim for punitive damages;

2. For Plaintiff's costs, disbursements and attorney's fees incurred herein;

3. For such other and further relief as the Court deems just and equitable.

Dated: June 5th, 2014

AHLBERG LAW, PLLC

Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 373-7081
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: June 5th, 2014

_____
Ryan H. Ahlberg, Esq. (#386520)