# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Megan Johnsen, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 0:14-cv-02713-RHK-JSM |
| v. | )<br>)<br>) **ANSWER** |
| NewPaper LLC d/b/a Party City, | )<br>) |
| Defendant. | )<br>)<br>)<br>) |

Defendant NewPaper LLC d/b/a Party City ("NewPaper"), by its undersigned attorneys, for its Answer to the Complaint in the above-entitled matter, hereby denies each and every allegation, matter and thing contained therein except as hereinafter expressly admitted, qualified or otherwise stated, and further answers the Complaint as follows:

1. NewPaper lacks sufficient knowledge to admit or deny Paragraph 1 of the Complaint.

2. NewPaper admits Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion that NewPaper need not admit or deny.

4. NewPaper admits Paragraph 4 of the Complaint.

5. NewPaper admits Paragraph 5 of the Complaint.

6. NewPaper admits Paragraph 6 of the Complaint.

7. NewPaper admits Paragraph 7 of the Complaint.

8. NewPaper admits Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, NewPaper admits that Plaintiff was, until the incident that resulted in her termination, a satisfactory employee.

10. NewPaper admits Paragraph 10 of the Complaint, except that the leave ended on December 15, 2012, rather than December 16, 2012.

11. NewPaper admits Paragraph 11 of the Complaint.

12. NewPaper lacks sufficient knowledge to admit or deny Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, NewPaper admits that on April 20, 2013, Plaintiff fell asleep during one of her scheduled breaks, remained asleep for approximately two hours, did not respond when other employees called for help because the store was very busy, and left the store at 2:00, three hours early, without contacting or obtaining permission from any of her superiors. NewPaper denies the remainder of Paragraph 13 of the Complaint.

14. NewPaper denies Paragraph 14 of the Complaint and affirmatively states that "Tanya" was Plaintiff's subordinate, and as such, was not authorized to give Plaintiff permission to leave early.

15. NewPaper admits Paragraph 15 of the Complaint.

16. NewPaper admits that Plaintiff worked her full shift on April 21, 2013, and lacks foundation to admit or deny the remainder of Paragraph 16 of the Complaint.

17. NewPaper admits that Plaintiff returned to work as scheduled on April 24, 2013, and lacks foundation to admit or deny the remainder of Paragraph 17 of the Complaint.

18. NewPaper lacks sufficient knowledge to admit or deny Paragraph 18, but denies that it would have approved Plaintiff's leaving work early without first obtaining permission from a higher-level management employee.

19. NewPaper denies Paragraph 19 of the Complaint.

20. NewPaper denies Paragraph 20 of the Complaint.

21. NewPaper admits Paragraph 21 of the Complaint, except that the meeting occurred on April 25, 2013, rather than April 24, 2014, and NewPaper employee Brittany Adams was also in attendance.

22. NewPaper denies Paragraph 22 of the Complaint, except NewPaper admits that Mr. Shabelski terminated Plaintiff's employment at the meeting on April 25, 2013.

23. NewPaper denies Paragraph 23 of the Complaint.

24. NewPaper denies Paragraph 24 of the Complaint.

25. NewPaper restates, realleges and adopts by reference Paragraphs 1 through 24 above.

26. Paragraph 26 of the Complaint states a legal conclusion that NewPaper need not admit or deny, except NewPaper admits that Plaintiff requested and received FMLA leave, which ended more than four months prior to her termination.

27. NewPaper admits Paragraph 27 of the Complaint.

28. NewPaper denies Paragraph 28 of the Complaint.

29. NewPaper denies Paragraph 29 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

30. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

31. There was no causal connection between Plaintiff's FMLA leave and the termination of her employment.

32. All actions taken by NewPaper as to Plaintiff were taken for legitimate, non-retaliatory reasons and not because of Plaintiff's FMLA leave four months earlier.

33. NewPaper currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. NewPaper, therefore, reserves the right to allege additional defenses if discovery indicates that additional defenses would be appropriate.

WHEREFORE, NewPaper requests the following relief:

(a) That the Court dismiss the Complaint with prejudice, in its entirety;

(b) That the Court deny Plaintiff the relief prayed for in the Complaint; and

(c) That the Court award NewPaper its costs, disbursements and such further relief as the Court deems just and equitable.

Date: July 8, 2014

/s/ Andrew E. Tanick
Andrew E. Tanick (#178573)
FORD & HARRISON LLP
225 South Sixth Street, Suite 3150
Minneapolis, Minnesota 55402
Telephone: 612.486.1700
atanick@fordharrison.com

ATTORNEY FOR DEFENDANT

WSACTIVELLP:6897525.1